**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000383
28-JUN-2013
08:24 AM**

NO. CAAP-13-0000383

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


EDWIN L. SISAM and DOROTHY J. SISAM, et al.,
Plaintiffs-Appellants
v.
WATSON & TAYLOR, MANAGEMENT, INC.,
Defendant-Appellee,
and
USA HAWAII SELF STORAGE, L.L.C., et al.,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-000086)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record on appeal, it appears that we lack jurisdiction over the appeal by Plaintiffs-Appellants Edwin L. Sisam, et al. (Appellants).

The intermediate court of appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2011). The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2011). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). "An appeal from an order that is not reduced to a judgment in favor of or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339.

Appellant appeals from an (1) Order Granting Defendant Watso & Taylor Management, Inc.'s Motion to Dismiss or, in the Alternative, Compel Arbitration and to Dismiss Filed on February 29, 2012, filed on May 11, 2012, (2) Order Denying Plaintiffs'

Motion for Relief from Order of May 11, 2012 Filed on May 23, 2013 and Striking Plaintiffs' Amended Complaint Filed on May, 23, 2012, filed on July 12, 2012, (3) Order Denying Plaintiffs' Motion for Leave to Amend Under Haw. R. Civ. P. 60.02, 59, 52 and Rule 15 Filed July 25, 2012, filed on October 23, 2012, and (4) Order Denying Plaintiffs' Motion to Reinstate Claim Filed on January 18, 2013, filed on March 14, 2013.[1]  The record on appeal does not contain a separate final judgment, as required by Jenkins.[2]

Therefore,

IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, June 28, 2013.

Chief Judge

Associate Judge

Associate Judge

---

[1] The Honorable Karen T. Nakasone presided.

[2] This court notes that on July 25, 2012 Plaintiffs filed a motion for, inter alia, entry of a judgment "so appeal may pursue forthwith." [RA dkt# 14 at 356]